# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>GERALD LESLIE TATE,<br><br>Defendant | Case No.: 2:14-cr-00384-APG-CWH<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>[ECF No. 49] |

Defendant Gerald L. Tate pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). He now moves under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence. ECF No. 49.[1] I will deny the relief sought by Tate because his motion rests upon arguments that were previously presented to and rejected by the Ninth Circuit in his direct appeal.

## Background

Tate was previously convicted of second degree robbery under California Penal Code § 211. The Ninth Circuit outlined the relevant background regarding the current offense in denying Tate's appeal of his sentence:

> In October 2014, Tate had a violent argument with his ex-girlfriend Tiffany McCollom. McCollom called 911 and told the operator that Tate had hit her on the head with a gun. She relayed the same to the police officers who responded to her 911 call. Tate was subsequently arrested and booked into state custody. While in custody, Tate made several recorded calls, seemingly to convince McCollom not to testify against him.
> In December 2014, a grand jury charged Tate with being a felon in possession. Tate pleaded guilty without a written plea agreement. Prior to sentencing, the district court held an evidentiary hearing, during which the government proffered evidence supporting the application of two enhancements to Tate's sentence – one for possession of a weapon in connection with a felony, and the other for obstruction of justice. After applying the enhancements, the

---

[1] Tate also filed supplements to his motion. ECF Nos. 51, 56.

district court sentenced Tate to 120-months' imprisonment, which was the upper limit of the applicable guideline range.

Prior to his sentencing and during the sentencing hearing, Tate did not object to the Probation Office's recommendation that his California robbery conviction was a felony "crime of violence," which caused his base offense level to be 20 under U.S.S.G. 2K2.1(a)(4). Nevertheless, on appeal Tate argued that his second degree robbery conviction under California Penal Code §211 did not qualify as a "crime of violence" under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Ninth Circuit rejected that argument, noting that while *Johnson* "held that the residual clause defining 'violent felony' in the Armed Career Criminal Act was void for vagueness," it did not disturb the Ninth Circuit's determination in *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008) that a person who commits a robbery under § 211 "categorically commits a 'crime of violence.'"

**Analysis**

Pursuant to 18 U.S.C. § 2255(f)(1), Tate could timely file his § 2255 motion no later than one year from "the date on which the judgment of conviction becomes final." "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

In February 2018, Tate filed a letter asking for an extension of time to file a § 2255 motion, asserting he had been held in a Special Housing Unit without access to a law library since December 2017. He asserted, without offering any basis for his conclusion, that the limitations period to file his § 2255 motion would expire in March 2018. On April 12, 2018, Tate filed a second motion requesting an additional extension of time to file his § 2255 motion.

2

In that motion, he represented that he had filed a petition for a writ of certiorari which the Supreme Court denied on March 20, 2017.  The United States opposed the motions, suggesting that I should instead wait to consider the timeliness of a § 2255 motion until Tate actually filed that motion.  Ultimately, I required that Tate file his motion no later than June 28, 2018 and specifically noted that this grant of additional time was not a determination whether the motion would be timely or whether Tate was entitled to equitable tolling of the limitation period.  My order was without prejudice to the government to argue that the § 2255 motion was untimely.

Tate mailed his § 2255 motion on June 18, 2018, 90 days after the limitation period would have otherwise expired on March 20, 2018.  To show that his § 2255 motion is nevertheless timely, Tate must show that the limitation period should be equitably tolled for at least 90 days.  As I noted in my order granting Tate additional time to file his § 2255 motion, his "motions, liberally construed, make out a facially valid justification for additional time."  I indicated to Tate, however, that he "should explain in more detail why he could not file [his § 2255 motion] by the original deadline."  While Tate's motion again suggests a facially valid justification to equitably toll the limitation period, he provides scant additional detail that would support a finding that the period should be equitably tolled for at least 90 days.

While the government broadly asserts Tate's motion is untimely, it has not presented any argument that Tate is not entitled to equitable tolling of the limitation period.  Rather, the government argues that "[b]ecause Tate's motion so clearly lacks merit, the government respectfully suggests the court can deny the motion without considering whether it should be dismissed as untimely."  Accordingly, I will consider Tate's § 2255 motion on its merits.

For his first ground for relief, Tate argues that "his sentence is affected by the Supreme Court's decision in *Session v. Dimaya* [138 S.Ct. 1204 (2018)]."  In his second ground for relief,

Tate asserts that I "relied on the 'invalid' language in §2K2.1(a) U.S.S.G.'s [sic] to enhance his sentence where [he] was not charged with a crime of violence." Finally, Tate asserts in his third ground for relief that his appellate counsel was ineffective for failing to raise "a vagueness argument on appeal."

The government argues that I cannot review Tate's grounds for relief in this § 2255 proceeding because the Ninth Circuit disposed of these same issues in his direct appeal. Pursuant to the relitigation doctrine, issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (citing *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)). The fact that the issue may be stated in different terms is of no significance. *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)).

As the Ninth Circuit noted in disposing of Tate's direct appeal: "Tate argue[d] for the first time on appeal that we are required to remand for resentencing under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because Tate's previous second degree robbery conviction under California Penal Code § 211 does not qualify as a crime of violence under U.S.S.G. § 2K2.1." ECF No. 40 at 2. The Ninth Circuit noted, however, that "crime of violence," as used in § 2K2.1, is defined in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2, and that the latter lists both robbery and extortion as crimes of violence. *Id.* at 3. Relying on *Becerril-Lopez*, the appellate court concluded that a robbery under California Penal Code § 211 would always constitute either a "generic robbery" or "generic extortion," and thus was categorically a crime of violence. The court then distinguished *Johnson* because the Supreme Court had "held [in *Johnson*] that the residual clause defining 'violent felony' in the Armed Career Criminal Act was void for vagueness." *Id.* at 3-4.

4

Tate's current § 2255 motion again rests on the premise that his robbery conviction does not qualify as a crime of violence under the residual clause in § 4B1.2(a)(2). This premise was squarely rejected by the Ninth Circuit when it denied Tate's direct appeal.

In his reply, Tate concedes that the Ninth Circuit rejected his theory in his direct appeal. He argues, however, that the relevant law has changed since the Ninth Circuit's denial of his appeal. But to the extent the law has changed, it undermines rather than supports Tate's arguments in his motion. In *Beckles v. United States*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 895 (2017). This holding defeats the underlying premise of Tate's § 2255 motion that the residual clause in § 4B1.2 is void for vagueness.

Accordingly, I cannot review Tate's theory that § 4B1.2(a)'s residual clause is both (a) essential to a determination that his robbery conviction is a crime of violence, and (b) unconstitutionally void for vagueness, because the Ninth Circuit rejected that theory in Tate's direct appeal. And even if I could review those issues in this § 2255 proceeding, I would have to reject that theory as contrary to and foreclosed by *Beckles*.

After the government filed its response to the § 2255 motion, Tate filed a "supplement" asserting an additional ground for relief: that I improperly increased his sentence based upon acquitted conduct or conduct of which he had not been convicted. ECF No. 56. Construed liberally, the additional ground for relief rests upon the premise that "there is an absence of evidence or proof" for either the four-point enhancement for his use of a firearm in connection with another felony or the two-point enhancement for obstruction of justice. He further asserts that I incorrectly applied the preponderance of the evidence standard, rather than the clear and

1 convincing standard, in finding that the government had met its burden of proof as to these
2 enhancements. I am, however, again precluded from reviewing these claims under the
3 relitigation doctrine. Tate raised these same arguments in his direct appeal and the Ninth Circuit
4 rejected those claims. ECF No. 40.

## Certificate of Appealability

To appeal this order, Tate must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To do so, Tate "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). Given the abundant authority that a § 2255 motion cannot be used to relitigate claims disposed of on direct appeal, and given that Tate is using his § 2255 motion to relitigate claims rejected by the Ninth Circuit on his direct appeal, I deny the request for a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant Gerard Tate's motion under 28 U.S.C. §2255 **(ECF No. 49) is DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a separate civil judgment denying defendant Gerard Tate's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-1113-APG.

IT IS FURTHER ORDERED that Tate is denied a Certificate of Appealability.

/ / / /

/ / / /

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 6th day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE